IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs December 5, 2006

**STATE OF TENNESSEE v. ANTHONY BONDS**

**Appeal from the Criminal Court for Shelby County**
**No. 04-03855     Joseph B. Dailey, Judge**

---

**No. W2006-00501-CCA-R3-CD  - Filed February 14, 2007**

---

The Appellant, Anthony Bonds[1], was convicted by a Shelby County jury of attempted especially aggravated robbery and sentenced to ten years in the Department of Correction.  On appeal, Bonds raises the single issue of sufficiency of the evidence.  Following review of the record, we conclude that the evidence is sufficient to support the verdict and, accordingly, affirm the judgment of conviction.

**Tenn. R. App. P. 3; Judgment of the Criminal Court Affirmed**

DAVID G. HAYES, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS and J.C. MCLIN, JJ., joined.

Garland Ergüden, Assistant Public Defender, Memphis, Tennessee, for the Appellant, Anthony Bonds.

Robert E. Cooper, Jr., Attorney General and Reporter; David H. Findley, Assistant Attorney General; William L. Gibbons, District Attorney General; and Amy Weirich, Assistant District Attorney General, for the Appellee, State of Tennessee.

**OPINION**

**Factual Background**

During the early morning hours of June 1, 2003, both the Appellant and the victim, Willie Stitman, were present at a house located at 507 North Sixth Street in Memphis, commonly referred to in the community as the "smoke house."  Around 3 or 4 a.m., after smoking crack cocaine, the victim went outside the house, and the Appellant followed.  The Appellant had a long "2 x 4" in his

---

[1]The Appellant was indicted under the name "Anthony Bonds (also known as Anthony Barnes)."  Bonds testified at trial that his "real" name was Barnes but that he also used the name Bonds.

hand and asked the victim for $10. The victim informed the Appellant that he did not have any money, and the Appellant replied, "yes, you got it; you're gonna give it to me or I'm gonna hit you." The fifty-seven-year-old victim, who had known the thirty-seven-year-old Appellant for fifteen to twenty years, thought he was joking and again told the Appellant he did not have any money. At this point, the Appellant hit the victim in the rib area with the "2 x 4."

Della Woods, who was inside the "smoke house," was looking out the window and observed the verbal altercation. She then saw the Appellant strike the victim multiple times with the "2 x 4" and throw bricks at him while he was on the ground. As the Appellant stood over the victim, she heard the Appellant say, "Man you need to give me my money." She exited the home and tried to intervene, but the Appellant told her he would hit her if she persisted in her efforts. The victim, who only recalled being hit once, eventually made his way back inside the home and sat down. As a result of the blows, the victim suffered broken ribs. Others present inside the house informed the victim that his head and face were "swelling up." An ambulance responded to the scene, and the victim had to be carried from the home, as he was unable to get out of the chair. He was transported to the hospital and remained unconscious for nine days. He spent a total of seventeen days in intensive care and developed pneumonia as a result of the broken ribs.

Following an investigation, the Appellant was interviewed by Sergeant Merlon Tabor of the Memphis Police Department. According to the Appellant's statement, he and the victim argued over money which the Appellant claimed was due him. The Appellant further stated that an argument ensued over the money, and the victim pushed him down. The Appellant stated he then got a "2 x 4" and hit the victim multiple times.

In June 2004, a Shelby County grand jury returned an indictment charging the Appellant with one count of attempted especially aggravated robbery and two alternative counts of aggravated assault based upon both serious bodily injury and the use of a deadly weapon. A jury trial commenced on February 28, 2005, at which the Appellant chose to act as his own counsel. The jury returned guilty verdicts on all counts. The trial court subsequently merged the two alternative aggravated assault convictions into a single conviction and imposed consecutive sentences of ten years for attempted especially aggravated robbery and eight years for aggravated assault. Following a hearing on the motion for new trial, the trial court held that the dual convictions for aggravated assault and attempted especially aggravated robbery violated principles of double jeopardy and merged the convictions, resulting in a single conviction of attempted especially aggravated robbery. The motion for new trial was denied on all other grounds, and this timely appeal followed.

**Analysis**

On appeal, the Appellant raises the single issue of sufficiency of the evidence, asserting that "the State failed to carry its burden of proving beyond a reasonable doubt that he is guilty of attempted especially aggravated robbery, and that, when tested against the standard enunciated in Rule 13(e), Tennessee Rules Appellate Procedure, and *Jackson v. Virginia*, 443 U.S. 307, 99 S. Ct. 2781 . . . (1979), the evidence is insufficient to support the conviction." Specifically, the Appellant

asserts that while the proof does establish an aggravated assault on the victim, "[t]he proof of an attempted robbery is much less clear."

We apply the rule that where the sufficiency of the evidence is challenged, the relevant question for the reviewing court is "whether, after viewing the evidence in the light most favorable to the [State], any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); *see also* Tenn. R. App. P. 13(e). The scope of our examination of the evidence is not equivalent to that of the jury's. In a challenge to the sufficiency of the evidence, this court does not retry the defendant. We emphasize that our examination in a sufficiency review is not to revisit inconsistent, contradicting, implausible, or non-credible proof, as these issues are resolved solely by the jury. *State v. Cabbage*, 571 S.W.2d 832, 835 (Tenn. 1978). Rather, we look to the record to determine whether there was substantive probative evidence to support the verdict. The second inquiry, the question of legal sufficiency, then follows: whether the record contains evidence from which the jury could have found the essential elements of the crime beyond a reasonable doubt. Every reasonable hypothesis of innocence need not be dispelled; it is only necessary that there exists proof which supports the elements of the crime. The State is entitled to the strongest legitimate view of the evidence and all reasonable inferences which may be drawn therefrom. *State v. Harris*, 839 S.W.2d 54, 75 (Tenn. 1992). All questions involving the credibility of witnesses, the weight and value to be given to the evidence, and all factual issues are resolved by the trier of fact. *State v. Pappas*, 754 S.W.2d 620, 623 (Tenn. Crim. App. 1987). This court will not reweigh or reevaluate the evidence presented. *Cabbage*, 571 S.W.2d 832 at 835.

"A guilty verdict by the jury, approved by the trial judge, accredits the testimony of the witnesses for the State and resolves all conflicts in favor of the theory of the State." *State v. Grace*, 493 S.W.2d 474, 476 (Tenn. 1973). A jury conviction removes the presumption of innocence with which a defendant is initially cloaked and replaces it with one of guilt, so that on appeal, a convicted defendant has the burden of demonstrating that the evidence is insufficient. *State v. Tuggle*, 639 S.W.2d 913, 914 (Tenn. 1982). These rules are applicable to findings of guilt predicated upon direct evidence, circumstantial evidence, or a combination of both. *State v. Matthews*, 805 S.W.2d 776, 779 (Tenn. Crim. App. 1990).

The Appellant, though admitting that there is some evidence to support his conviction in light of the testimony of the victim, argues that the proof is not sufficient when properly viewed against the high standard enunciated in *Jackson v. Virginia*. Robbery is defined as "the intentional or knowing theft of property from the person of another by violence or putting the person in fear." T.C.A. § 39-13-401(a) (2003). Especially aggravated robbery, as relevant in this case, is robbery accomplished with a deadly weapon and where the victim suffers serious bodily injury. T.C.A. § 39-13-403(a)(1), (2) (2003). A deadly weapon is defined as "[a]nything that in the manner of its use or intended use is capable of causing death or serious bodily injury." T.C.A. § 39-11-106(a)(5)(B) (2003). Serious bodily injury involves: "(A) [a] substantial risk of death; (B) [p]rotracted unconsciousness; (C) [e]xtreme physical pain; (D) [p]rotracted or obvious disfigurement; or (E) [p]rotracted loss or substantial impairment of a function of a bodily member, organ or mental faculty." *Id*. at (a)(34).

As noted, the Appellant was convicted of attempted especially aggravated robbery. As relevant to this case:

> A person commits criminal attempt who, acting with the kind of culpability otherwise required for the offense:
>
> . . . .
>
> (2) [a]cts with intent to cause a result that is an element of the offense, and believes the conduct will cause the result without further conduct on the person's part . . . .

T.C.A. § 39-12-101(a)(2) (2003).

Essentially, the Appellant's argument is based upon his assertion that the State's witnesses were not credible. Specifically, the Appellant refers to the fact that the victim, during an interview with police, stated that the Appellant had robbed him but testified at trial that the Appellant only demanded money and none was given. The Appellant also relies upon his own testimony that Della Woods demanded money from him in exchange for favorable testimony about the incident. The Appellant's argument is misplaced. The scope of our examination of the evidence is not equivalent to that of the jury's. In a challenge to the sufficiency of the evidence, this court does not retry the defendant. Our examination in a sufficiency review is not to revisit inconsistent, contradicting, implausible, or non-credible proof, as these issues are "entrusted exclusively to the jury as the triers of fact." *State v. Oody*, 823 S.W.2d 554, 558 (Tenn. Crim. App. 1991). In this case, inconsistencies in the testimony of the witnesses were placed before the jury. The jury obviously rejected the Appellant's testimony at trial and accredited the testimony of the State's witnesses, as evidenced by its finding of guilt.

In the light most favorable to the State, the proof at trial overwhelmingly supports the jury's verdict. The evidence established that the Appellant followed the victim outside with a "2 x 4" in his hand and demanded money. When the victim refused to give him money, the Appellant proceeded to beat the victim multiple times with the "2 x 4," which this court has found to be a deadly weapon. *State v. Joseph Matthew Maka*, No. W2001-00414-CCA-R3-CD (Tenn. Crim. App. at Jackson, Dec. 28. 2001). Moreover, the evidence also established that the victim suffered serious bodily injury as a result of the beating. It was established that the Appellant suffered broken ribs, was unconscious for nine days, and spent seventeen days in the hospital intensive care unit. Clearly, this evidence is legally sufficient for a rational juror to conclude that the Appellant committed the offense of attempted especially aggravated robbery.

## CONCLUSION

Based upon the foregoing, the Appellant's conviction is affirmed.

_____
DAVID G. HAYES, JUDGE